UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DOUGLAS ROSENBERG, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 23-10441-FDS |
| | ) | |
| MASS MUTUAL LIFE INSURANCE CO., et al., | ) | |
| Defendants. | ) | |

## ORDER

**SAYLOR, C.J.**

On May 1, 2023, Douglas Rosenberg, through counsel, filed a motion to reinstate this closed civil case. This action was commenced on February 23, 2023, by the filing of a complaint, a motion to seal, and a motion for leave to proceed *in forma pauperis*. At that time, the action was randomly assigned to a magistrate judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

On March 2, 2023, the motion to seal was denied without prejudice and plaintiff was granted 21 days to resubmit the motion and advise the Court whether he wanted to proceed if the complaint were not sealed. When no response was received, the magistrate judge ordered the reassignment of the case to a district judge and filed a report and recommendation.

On April 7, 2023, the case was randomly reassigned to the undersigned judge. Because plaintiff failed to file an objection or response by the April 21, 2023 deadline, the case was dismissed without prejudice on April 28, 2023.

Plaintiff now seeks to have this action reinstated to the active trial list. In his one-page

motion, he contends that relief is warranted because his counsel "has been ill since late March" and "has been hospitalized four times [since late March 2023]." Plaintiff also "apologizes to the court for not complying with the previous court order and advises the court that he is willing to proceed without the case being under seal."

The Court will construe the motion as one brought under Rule 60(b)(1), which provides for relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). "'[R]elief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.' Thus, a party who seeks relief under the rule must establish, at the very least, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Rivera–Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 3–4 (1st Cir. 2014) (internal citations to quoted case omitted). The determination of what constitutes "excusable neglect" is an equitable determination and the critical factors are the reason for the movant's neglect and whether the court is willing to excuse the neglect. *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38–39 (1st Cir. 2013). Nonetheless, the law "manifests a strong preference that cases be resolved on their merits." *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017).

Plaintiff did not submit an affidavit with the motion. Nonetheless, he states that the failure to respond to the order was attributable to counsel's recent illness with several hospitalizations. Although the motion fails to address whether counsel has taken steps to provide notice in his cases should he again fall ill, the Court finds sufficient reason to excuse the neglect.

However, plaintiff is warned that any further failures to respond to court orders and deadlines may be met with sanctions, including the possibility of dismissal.

Accordingly, it is hereby ordered as follows:

1. The Motion to Reopen is GRANTED.

2. The Court's prior order dismissing the case is VACATED.

3. The Motion for Leave to Proceed *in forma pauperis* is GRANTED.

4. The clerk shall issue summonses. Plaintiff is responsible for ensuring that the summonses, the complaint, and this order are served on the defendants.

5. Because plaintiff is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service and a completed USM-285 form for each party to be served. The USM 285 form may be found at www.usmarshals.gov/process/usm285.pdf and is also available from the clerk upon request. The USMS shall then complete service, as directed by plaintiff, with all costs of service to be advanced by the United States.

6. Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service within 90 days may result in dismissal of the action without further notice from the Court. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: May 10, 2023   Chief Judge, United States District Court