UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOUGLAS ROSENBERG,                               :

               Plaintiff,          :     Civil Action
                                No. 23-10441-FDS
      v.                                         :
                                **LEAVE TO FILE GRANTED**
KEITH PATRICK GILL, MML INVESTORS    :    **ON JANUARY 3, 2024**
SERVICES, LLC, AND MASSACHUSETTS
MUTUAL LIFE INSURANCE CO.,                    :

               Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF THE MASSMUTUAL DEFENDANTS' MOTION TO DISMISS**

                                James R. Carroll
                                Vasundhara Prasad
                                SKADDEN, ARPS, SLATE,
                                  MEAGHER & FLOM LLP
                                500 Boylston Street
                                Boston, Massachusetts 02116
                                (617) 573-4800
                                james.carroll@skadden.com
                                vasundhara.prasad@skadden.com

                                *Counsel for Defendants*
                                *Massachusetts Mutual Life Insurance Co. and*
Dated:  January 5, 2024            *MML Investors Services, LLC*

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

I.     PLAINTIFF'S CLAIMS CANNOT BE BASED ON
UNADJUDICATED ALLEGATIONS FROM THE CONSENT ORDER ......................... 1

II.     EVEN WITH THE CONSENT ORDER, PLAINTIFF FAILS TO STATE ANY
ACTIONABLE CLAIMS AGAINST THE MASSMUTUAL DEFENDANTS ................ 4

CONCLUSION .................................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**PAGE**

## **CASES**

*Azubuko v. MBNA Am. Bank*,
    396 F. Supp. 2d 1, 7 (D. Mass. 2005), aff'd, 179 F. App'x 66 (1st Cir. 2006) .....................3

*In re Platinum & Palladium Commodities Litig.*,
    828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011)...................................................................... 2-3

*In re Rough Rice Commodity Litig.*,
    2012 WL 473091, at *5 (N.D. Ill. Feb. 9, 2012) ................................................................3

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887, 893 (2d Cir. 1976)........................................................................................2

*Maio v. TD Bank, N.A.*,
    2023 WL 2465799 (D. Mass. Mar. 10, 2023).....................................................................4

## **STATUTES AND RULES**

15 U.S.C. § 78i(a)(1)-(6)..................................................................................................................4

15 U.S.C. § 78i(f) ............................................................................................................................4

Fed. R. Civ. P. 9(b) .........................................................................................................................4

Fed. R. Civ. P. 11 ............................................................................................................................3

Fed. R. Civ. P. 11(b)(3)...................................................................................................................4

Fed. R. Civ. P. 12(f)........................................................................................................................3

Massachusetts Mutual Life Insurance Company ("MassMutual") and its subsidiary, MML Investors Services, LLC ("MMLIS" and, together with MassMutual, the "MassMutual Defendants") respectfully submit this reply brief in further support of their motion to dismiss Plaintiff's Amended Complaint (ECF No. 38) (the "Complaint").

## PRELIMINARY STATEMENT

Plaintiff's Response[1] confirms that his Complaint does not state any actionable claims against the MassMutual Defendants. Plaintiff largely does not attempt to respond to the arguments raised by the MassMutual Defendants in their Moving Brief. Instead, Plaintiff's Response is substantially based on the argument that he should be allowed to rely on the Consent Order. As such, this reply only points out why Plaintiff's arguments are mistaken. The MassMutual Defendants respectfully rely upon their Moving Brief, which highlights many of the other reasons why Plaintiff's Complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS CANNOT BE BASED ON UNADJUDICATED ALLEGATIONS FROM THE CONSENT ORDER

Without well-pleaded factual allegations of his own, Plaintiff attempts to rely on the Consent Order entered into by the Massachusetts Securities Division ("MSD") and MMLIS on September 15, 2021 to prop up his claim that the MassMutual Defendants are liable for his alleged losses relating to the sale of GameStop stock. (Resp. at 1-4; ECF No. 50-2, ¶¶ 6-82.) Not so. As an initial matter, though MMLIS consented to the entry of the Order, it did so stating expressly that it "neither admits nor denies" any statements of facts or violations of law alleged

---

[1] Capitalized terms have the same meaning as in the MassMutual Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss The Amended Complaint (ECF No. 43) ("Moving Brief" cited as "Mov. Br. at __")). Plaintiff's Response To The MassMutual Defendants' Motion To Dismiss The Amended Complaint (ECF No. 50) is referred to as the "Response" (cited as "Resp. at __").

therein.  (ECF No. 50-2 at 1.)  Moreover, under *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976), and its progeny, Plaintiff may not rely on wholesale, unadjudicated allegations from a consent order as a substitute for satisfying his own pleading burden.  *Id.* (striking allegations in a complaint that were derived from a consent judgment "between a [government] agency and a private corporation which [was] not the result of an actual adjudication of any of the issues").

In *In re Platinum & Palladium Commodities Litigation*, the Commodities Futures Trading Commission ("CFTC") issued an order (the "CFTC Order") against defendants arising out of their alleged manipulation of certain futures contracts.  828 F. Supp. 2d 588, 591 (S.D.N.Y. 2011) ("*Platinum*").  The CFTC Order was issued after defendants submitted an offer of settlement, which the CFTC accepted.  *Id.*  The CFTC Order included findings of fact and imposed sanctions on defendants, including a fine.  *Id.*  Plaintiffs, investors in the futures contracts, filed a lawsuit following the entry of the CFTC Order and in their complaint, included several references to the CFTC Order to plead facts supporting their claims.  *See id.*  Defendants moved to strike those references as immaterial and the court agreed that to the extent the "allegations simply recast the CFTC's findings and are derived wholesale from the CFTC Order," they must be stricken from the complaint.  *Id.* at 593-94.  The court explained that "although the CFTC Order included certain factual findings, it nevertheless was the product of a settlement between the CFTC and the [defendants], not an adjudication of the underlying issues in the CFTC proceeding."  *Id.* at 594.  Thus, plaintiffs are "prohibited from relying on the CFTC Order to plead the 'underlying facts of liability.'"  *Id.*  The court also disagreed with plaintiffs' assertion that the CFTC Order was "material to their claims because it will be admissible at trial" and explained that the admissibility of a "civil consent decree" such as the CFTC Order is governed

by Fed. R. Evid. 408, which bars evidence of a compromise to prove liability for the claim. *Id.* Given that plaintiffs "quote[d] extensively from the CFTC Order" in their complaint, the court found that that "indicate[d] an express purpose to employ the CFTC Order to prove liability." *Id.*

Like *Platinum*, the Consent Order here was entered into by MMLIS as part of a settlement with the MSD. None of the factual allegations in the Consent Order were adjudicated, and in any event, MMLIS did not admit any of those allegations even though it consented to the entry of the Order. Like the CFTC Order, the Consent Order is immaterial and inadmissible, and Plaintiff, should thus be prohibited from relying on it to meet his pleading obligation.[2] *See also In re Rough Rice Commodity Litig.*, No. 11 C 618, 2012 WL 473091, at *5 (N.D. Ill. Feb. 9, 2012) (holding that a complaint that incorporated facts alleged in an administrative settlement between defendants and a government agency, which defendants consented to the entry of but "[w]ithout admitting or denying any of its findings," was insufficient to state a market-manipulation claim and dismissing the complaint under Rule 12(b)(6)).

Plaintiff's reliance on the Consent Order also fails to take into account the "nondelegable" nature of his obligation under Fed. R. Civ. P. 11 to investigate his claims, which cannot be discharged by blindly incorporating allegations prepared by others to plead an entire claim or element of a claim. *Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005), aff'd, 179 F. App'x 66 (1st Cir. 2006) (noting that *pro se* litigants are also subject to Rule 11).

---

[2] Under Rule 12(f), the Court has the authority <u>sua sponte</u> to strike Plaintiff's allegations incorporating the Consent Order and the Court should do so here. Fed. R. Civ. P. 12(f). Plaintiff's reliance on the Consent Order is not only immaterial, but also prejudicial to the MassMutual Defendants. For one, MassMutual was not a party to the Consent Order. Moreover, MMLIS consented to the Order in good faith, and allowing Plaintiff to piggyback off the unadjudicated findings in the Order would be against the public policy of preserving defendants' incentives to settle enforcement actions by limiting the collateral effects of settlements.

Here, Plaintiff has provided no evidence of his attempt to independently verify the factual allegations in the Consent Order as he is required to do under Fed. R. Civ. P. 11(b)(3), but for to say that he believes that the factual allegations in the Consent Order "are in fact true" because the "State of Massachusetts is a highly reliable source and Defendants consented to all factual allegations." (Resp. at 2.) That is not sufficient.

## II. EVEN WITH THE CONSENT ORDER, PLAINTIFF FAILS TO STATE ANY ACTIONABLE CLAIMS AGAINST THE MASSMUTUAL DEFENDANTS

Even if the Court were to allow Plaintiff to copy wholesale the factual allegations from the Consent Order — and it should not — Plaintiff still fails to state any actionable claims against the MassMutual Defendants. *First*, none of the factual allegations contained in the Consent Order allege any manipulative conduct by the MassMutual Defendants, 15 U.S.C. § 78i(a)(1)-(6), or that the MassMutual Defendants acted with a "willful[] state of mind," 15 U.S.C. § 78i(f), both of which must be pled with specificity under Rule 9(b) to state a claim under Section 9(a) of the Exchange Act (Count III). *Second*, the factual allegations in the Consent Order are insufficient to plead a violation of the Washington Consumer Protection Act (Count VIII), which requires, among others, pleading specific and non-conclusory allegations of unfair or deceptive conduct on the part of the MassMutual Defendants.[3] *Finally*, the Consent Order does not cure the fact that as of the date of this Reply, the docket does not indicate that Mr. Keith Gill has been served with the Complaint. If Plaintiff cannot state actionable claims against

---

[3] To the extent that Plaintiff intended to allege a similar claim under Massachusetts' Consumer Protection Act, that claim should also likewise be dismissed. (*See* Mov. Br. at 18 n. 12.) Plaintiff's reliance on *Maio v. TD Bank, N.A.*, No. 1:22-CV-10578-AK, 2023 WL 2465799 (D. Mass. Mar. 10, 2023) is misplaced. There, the court dismissed defendant's Chapter 93A claim, finding that plaintiff had not alleged any unfair or deceptive acts, or a causal connection between defendant's alleged deception and plaintiff's loss where "the actual loss sustained by the [plaintiff] was caused by the [] act of a third-party" *Id.* at *7-8.

Mr. Gill, the Court must accordingly dismiss Plaintiff's claims under Section 20(a) (Count V), common law failure to supervise[4] (Count VI), and for tortious aiding and abetting (Count XII), each of which require successfully pleading a primary violation by Mr. Gill as a threshold matter. Thus, even if Plaintiff were allowed to rely on the Consent Order, Plaintiff's claims against the MassMutual Defendants should still be dismissed.

## CONCLUSION

For the reasons above and in the Moving Brief, Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated: January 5, 2024
      Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Vasundhara Prasad (BBO #705774)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
vasundhara.prasad@skadden.com

*Counsel for Defendants*
*Massachusetts Mutual Life Insurance Co. and*
*MML Investors Services, LLC*

---

[4] In his Response, Plaintiff argues that his common law claim for failure to supervise Mr. Gill is not barred by the economic loss doctrine because, among other things, Plaintiff "suffer[ed] personal Injury from the Defendants failure to supervise." (Resp. at 7.) Notwithstanding the unfortunate facts asserted in Plaintiff's Declaration (ECF No. 50-4), Plaintiff does not explain how the MassMutual Defendants are responsible for those alleged injuries to Plaintiff. In any event, none of those alleged injuries form the basis for any relief requested by Plaintiff in this action. (*See* Mov. Br. at 17-18.)

5