UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS ROSENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 23-10441-FDS |
| ) | |
| MASS MUTUAL LIFE INSURANCE ) | |
| CO., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTIONS FOR ALTERNATIVE SERVICE AND
EXTENSION OF TIME FOR SERVICE**

**SAYLOR, C.J.**

This is a case involving alleged market manipulation. Plaintiff Douglas Rosenberg, who is proceeding *pro se*, alleges that he sustained financial damages by buying stocks recommended by defendant Keith Patrick Gill, who was employed by defendants Mass Mutual Life Insurance Company and MML Investor Services LLC (collectively, "MassMutual"). The complaint asserts that Gill's stock-trading advice amounted to market manipulation in violation of the Securities Exchange Act of 1934 ("Exchange Act"), Mass. Gen. L. 93A, and the Sherman Act. It further contends that MassMutual is liable for Gill's alleged violations under its supervisory obligations according to Financial Industry Regulatory Authority ("FINRA") rules, under Washington's Consumer Protection Act, and under a theory of common-law tortious aiding and abetting.

Plaintiff filed his initial complaint in this court on February 23, 2023. After the case was dismissed for procedural reasons, it was then reopened on plaintiff's motion in May 2023. At that time, the Court granted plaintiff leave to proceed *in forma pauperis*.

Since the onset of the action in February 2023 until now, plaintiff contends that he has

been unable to effect service on defendant Keith Patrick Gill. The Court set a deadline of December 1, 2023, to effect that service. (ECF No. 37 at 2). Plaintiff subsequently filed several motions requesting more time to serve Gill and for alternative service, either by publication or upon Gill's social-media accounts. (ECF Nos. 51, 53, 56). As of the date of this order, service has not been effected as to Gill.

**I.      Legal Standard**

Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected. *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4 sets forth the acceptable methods for service of process. Fed. R. Civ. P. 4.

Ordinarily, under Rule 4(m), "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant[.]" Fed. R. Civ. P. 4(m). But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" for failure to complete service in a timely fashion may include, but is not limited to, circumstances where the USMS or district court has failed to fulfill its obligations. *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008).

Under Rule 4(e), there are four ways to serve an individual defendant within a federal judicial district. As relevant here, the rule allows district courts to follow the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also Blair v. City of Worcester*, 522 F.3d 105, 110 (1st Cir. 2008). Massachusetts rules allow service by publication with a court order of notice, but such orders may be granted only if, after "diligent search," the plaintiff "can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made." Mass. R. Civ. P. 4(d)(1). "The proposed means of

alternative service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Murrell v. Patriot Front*, 2023 WL 7332881, at *1 (D. Mass. Nov. 7, 2023) (quoting *Swenson v. Mobilityless*, 2020 WL 2404835, at *3 (D. Mass. May 12, 2020)). For example, courts have approved service by email or social media in appropriate circumstances. *See Murrell*, 2023 WL 7332881, at *2; *Alves v. Daly*, 2013 WL 1330010, at *3-4 (D. Mass. Mar. 29, 2013) (citing *Wallenstein v. Ballou*, 1996 WL 448239, at *1 (Mass. App. Ct. Aug.5, 1996)).

**II.     Analysis**

    **A.     "Diligent Search"**

Plaintiff contends, through various pleadings, that he has made a "diligent search" for Gill and been unable to discover his whereabouts. He asserts that he purchased two online background checks for Gill, both of which provided a former home address in Wilmington, Massachusetts. According to plaintiff, a representative of the USMS attempted to effect service on Gill at that address three times but was eventually told that Gill no longer lived there. Plaintiff also attempted to inquire as to a mail forwarding address from the U.S. Postal Service but was similarly unsuccessful. Gill was formerly a registered FINRA broker, but that registration has expired and there does not appear to be any updated address. Finally, plaintiff conducted additional searches of the online records of registry offices in each Massachusetts county but could not locate any property owned by Gill.

There is nothing on the docket indicating either that the USMS served Gill or attempted to serve him and failed. Furthermore, plaintiff's factual assertions should have been set forth in a signed affidavit describing his efforts to effect service. *See* L.R. 4.1(b). Nonetheless, in light of his *pro se* status the Court will accept for present purposes the representations made in plaintiff's various pleadings as true. The Court will, however, order plaintiff (1) to cause the USMS to file

a return of service form, whether service was successful or not, and to docket it in this matter and (2) to provide a sworn affidavit attesting to his efforts to locate Gill.

Assuming plaintiff's representations are true, the Court is persuaded, at least for present purposes, that his efforts to serve Gill have been reasonably diligent under the circumstances. He has repeatedly attempted to serve the only known residential address, and has engaged in additional research to attempt to locate him, including searching records of property records, vehicle registrations, and mobile phone listings. There is no obvious source of information concerning Gill's current location, or if he is even presently within the United States. Because there has been a diligent search, there is "good cause" to allow him more time to effect service, as allowed by Fed. R. Civ. P. 4(m), and an alternative method of service may be authorized under Mass. R. Civ. P. 4(d)(1).

B.   **"Reasonably Calculated"**

The second relevant issue is whether plaintiff's proposed methods of alternative service—that is, by publication or social media—are "reasonably calculated" to apprise Gill of the pendency of this lawsuit.

Under Mass. R. Civ. P. 4(d)(1), it is within the court's "discretion whether to order service by publication or by any other method." *Santiago v. Marchese*, 2009 WL 1563596, at *2 (Mass. App. Ct. May 28, 2009); *City of Boston v. James*, 26 Mass. App. Ct. 625, 629 (1988) ("[W]here more efficacious service is shown to be unattainable within reason, publication . . . may be held adequate as due process."). Because service of process implicates a defendant's right to due process, methods of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Jones v. Flowers*, 547 U.S. 220, 226 (2006) (holding that notice may

be deemed constitutionally sufficient if it is reasonably calculated to reach the intended recipient when sent). "Service by social media and email, without additional means, however, is generally authorized only after a showing of some additional factor." *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 1088567, at *3 (S.D.N.Y. Apr. 5, 2022).

Plaintiff's proposed methods of service are through Gill's former email addresses and social-media accounts. But, as plaintiff himself has represented, Gill has not publicly used any of the social-media accounts identified in the pleadings since 2021. Plaintiff has also not specifically identified any email address known to be presently or previously associated with Gill. There is no clear avenue, based on that information, through which to provide actual notice of the pendency of this suit.

Nonetheless, plaintiff has also provided several other addresses and information associated with Gill, consisting of potential contact information for Gill, his parents, and (apparently) other relatives. The addresses are those of his parents, his brother, his parents-in-law, and what appear to be a post-office box and a UPS mailbox. Sending copies of the relevant documents to those locations might improve the likelihood of providing notice of this suit, even if indirectly.

Of course, Gill's family members have no obligation to accept service, or to notify him of the pendency of this lawsuit. Nonetheless, as a practical matter, notice to family members is more likely to succeed than notice by publication in a newspaper or any other alternative reasonably available to plaintiff.

The Court will therefore grant plaintiff's motion for an extension of time to effect service and will order that notice should be sent to addresses associated with Gill and his immediate family. The Court will further order service by publication in a newspaper of general circulation

in Wilmington, Massachusetts.  Plaintiff's motion for alternative service will therefore be granted in part.

**III.**    **Conclusion**

For the foregoing reasons,

1. Plaintiff's motion for an extension of time to effect service is GRANTED.
2. Plaintiff's motion for alternative service is GRANTED in part and DENIED in part.
3. Plaintiff shall serve defendant Keith Patrick Gill by causing to be published a notice describing the parties, the nature of the complaint, and a warning that failure to respond may result in a default judgment, for seven consecutive days in a newspaper of general circulation in Wilmington, Massachusetts, within 28 days of this order (that is, by February 28, 2024).
4. The Clerk of the Court is further hereby directed to send by first-class mail copies of (a) the amended complaint, (b) the summons, and (c) this order to the following addresses:

    - Keith Gill and Caroline Fleming
    - Keith Gill and Caroline Fleming
    - Steven and Elaine Gill
    - David and Denise Fleming and
    - Kevin Gill

5. Plaintiff shall cause the USMS to file a return of service form as to defendant Keith Gill, whether or not the service was successful, within 21 days of this order (that is, by February 21, 2024).

6. Plaintiff shall file an affidavit, sworn to under the pains and penalties of perjury, describing his efforts to serve Keith Gill and to ascertain current contact information, within 21 days of this order (that is, by February 21, 2024).

7. Plaintiff shall file an affidavit indicating his compliance with this order, sworn to under pains and penalties of perjury, within 28 days of this order (that is, by February 28, 2024).

**So Ordered.**

Dated: January 21, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court