# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS ROSENBERG<br><br>         Plaintiff<br>v.<br><br>KEITH PATRICK GILL, MML INVESTORS SERVICES, LLC, AND MASSACHUSETTS MUTUAL LIFE INSURANCE CO | Case No. . NO 1:23-cv-10441-FDS |

## MOTION OF PLAINTIFF FOR RECONSIDERATION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiff Douglas Rosenberg ("Douglas") respectfully requests that the Court grant forty-five days extension for Douglas to file its opposition to Defendant Motion to Dismiss. In support of this Motion, Douglas states:

1. Douglas respectfully requests that the Court to extend the date of 3 days for Douglas to file his opposition to Defendant's Motion to Dismiss for the following reasons/grounds.

2. Defendant's Attorney intentionally misrepresented Douglas's opinion of his case in his filing to avoid a Conference. He portrayed Douglas as being cocky. Douglas never told Defendant's attorney his case was Strong. He only compared the relative strength of his claims to the other Defendants. Two ounces of feathers weighs more than one ounce but it is not heavy like the Empire State Building.

3. Douglas is a lay person and does not have any legal training to write and respond to motion to dismiss in such short period of time.

4. Douglas cannot afford attorney for legal representation.

5. Douglas cannot afford proper legal representation as he is living in poverty and is in risk of losing his house. On the other hand, Defendant affords to hire best lawyers for legal representation.

6. Douglas is under enormous debt due to legal cost incurred in connection with the instant case and is at risk of losing his house.

7. Douglas suffers a back cervical and neck injury because of which Douglas is unable to file an opposition Defendant to motion to dismiss.

8. Douglas also suffers from disabilities and is taking care of his disabled sister.

9. Because of Douglas's autism he finds it extremely difficult to be confrontation



Therefore, many autistic adults struggle to handle conflict because they see it as aggressive and threatening. So, you'll see them react as if they are in a life-threatening situation, and they will do one of three things: freeze, flee, or fight. Aug 28, 2020

Open Doors Therapy
https://opendoorstherapy.com › Blog

10. Douglas is trying his best to retain pro bono lawyer in order to assist him with the reply to the Motion to Dismiss and intends to file a new Motion for a Pro Bono Attorney shortly.

11. Defendant Multi-Millionaire Gill who's loot from his scheme has been estimated by the media at 47 Million. He disingenuouslyhid for over a year from Process Service hoping to run the clock out. Douglas could not find him. Gill had a year to craft his motion to dismiss. The Day after the Court granted Plaintiff's motion to serve by Publication, Defendant's Attorney miraculously discovered that Plaintiff was trying to effect Service on him.

12. Douglas faces a real risk of homelessness if he loses this case as he faces lawsuits from lawsuits from Capital One and other Credit Card Companies



13. Defendant barely afford to heat his home.



## **LEGAL STANDARDS**

13. This Honourable court is given ample power under Federal Rule of Civil Procedure to relieve a party from failure to act within the times specified in any of these other rules. As in the case of *Leishman v. Associated Wholesale Electric Co*. (1943) 318 U.S. 203, it was held that Rule 6(b) allowed the district court to enlarge the time to reply to motion to dismiss judgment beyond the limit expressly fixed in other Rules. See *Coca-Cola v. Busch* (E.D.Pa. 1943) 7 Fed.Rules Service 59b.2, Case 4. Obviously, if the time limit in Rule 52(b) could be set aside under Rule 6(b), the time limit for granting judgment the extension of time for reply for motion to dismiss likewise could be allowed.

14. In the case of *Schram v. O'Connor* (E.D.Mich. 1941) 5 Fed.Rules Serv. 6b.31, Case 1, 2 F.R.D. 192, s. c. 5 Fed.Rules Serv. 6b.31, Case 2, F.R.D. 192, it was held that the time limit for filing of reply against motion to dismiss could be extended on the basis of mistake, or excusable neglect. The consistent result was reached in *Wallace v. United States* (C.C.A.2d, 1944) 142 F.(2d) 240, cert. den. (1944) 323 U.S. 712; *Reed v. South Atlantic Steamship Co. of Del*. (D.Del. 1942) 6 Fed.Rules Serv. 60b.31, Case 1.

WHEREFORE, in the light of aforementioned circumstances and supporting arguments, case laws, Douglas respectfully requests that the Court to extend the due date for Douglas opposition to Defendant' Motion to Dismiss for 45 days.

I,. , *under penalty of perjury*, do *hereby certify* that the foregoing information is true and correct.

Dated:3/7/2024

By: Douglas Rosenberg

*/s/ Douglas Rosenberg*

## CERTIFICATE OF SERVICE

I, Douglas Rosenberg, hereby certify that pursuant to Local Rule 5.4(C), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). For those parties indicated as non-registered participants, if any, a paper copy will be sent by facsimile and/or U.S. First Class Mail on 3/7/2024

By Douglas Rosenberg

*/s/ Douglas Rosenberg*