UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS ROSENBERG,<br><br>                Plaintiff,<br><br>         v.<br><br>KEITH PATRICK GILL, MML INVESTORS SERVICES, LLC, AND MASSACHUSETTS MUTUAL LIFE INSURANCE CO.,<br><br>                Defendants. | Civil Action No.<br>23-10441-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFEDANT GILL'S MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" either "on its own" or "on motion made by a party." The Court should strike Plaintiff's Third Amended Complaint (ECF No. 76) in its entirety for the following four reasons:

*First*, the Third Amended Complaint was filed without the requisite leave or consent. Federal Rule of Civil Procedure 15(a) is clear that a plaintiff may amend his complaint "once as a matter of course" and that "[i]n all other cases, a party may amend its pleading *only with the opposing party's written consent or the court's leave*" (emphasis added). Mr. Rosenberg previously moved to amend his complaint twice, first on August 29, 2023 (ECF No. 32) and again on September 14, 2023 (ECF No. 35). The Court docketed his Amended Complaint on October 2, 2023 (ECF No. 39). Thus, Mr. Rosenberg needed the Court's leave or written consent from Mr. Gill to file the Third Amended Complaint. He obtained neither.

*Second*, the Third Amended Complaint is an attempt to dodge the effect of the Court's orders. Mr. Rosenberg asserted today that the Third Amended Complaint was his "reply to [Mr.

Gill's] Motion to Dismiss." (*See* Exhibit A).[1]  This followed Mr. Rosenberg's failure to timely oppose Mr. Gill's motion to dismiss and the Court's denial of Mr. Rosenberg's request for an extension of that time.  Mr. Gill's motion to dismiss is pending unopposed.  (*See* ECF No. 75). This Court should not permit this case to be further prolonged by improper pleadings that serve only to restart the timer for motion to dismiss briefing.

*Third*, the Third Amended Complaint asserts claims that even a *pro se* litigant ought to recognize are unsupportable and inappropriate.  The claims against Mr. Gill include "Abuse of vulnerable adults," "Violation of 19A- 14 Elder Abuse against GILL," "Aiding and abetting Abuse of Vulnerable Adult against all defendants," and "Torturous Aiding and abetting to commit Fraud."[2]  Plaintiff was a 64-year-old gentleman when he elected to engage in the derivative trades and short sales at issue (presumably through a broker).  There is no allegation that he has ever interacted with Mr. Gill.  Mr. Rosenberg partially acknowledged his error during the meet and confer process, and said he wanted the "'Vulnerable Person Count' out." (*See* Exhibit A).  Mr. Gill submits that the Third Amended Complaint cannot be saved by further piecemeal amendment.

*Fourth*, the Third Amended Complaint does not meaningfully address the deficiencies identified by Mr. Gill's motion to dismiss.  Mr. Rosenberg has inserted statistics about GameStop, memes that Mr. Gill posted, conclusory statements about Gill's intent, conclusory statute of limitations language, and the aforementioned new claims.  He has not addressed the

---

[1] Confusingly, Mr. Rosenberg also indicated that he would be moving for reconsideration on the Court's denial of his most recent motion to extend his time to oppose Mr. Gill's motion to dismiss.

[2] Mr. Gill does not concede that any of Plaintiff's claims pass muster under Federal Rule of Civil Procedure 11.  Mr. Gill recognizes, however, the tolerance often shown to *pro se* litigants, and that Plaintiff may have mistakenly taken some solace in copying large swaths of his complaint from a signed pleading submitted in this district by a licensed Massachusetts attorney.

fundamental deficiencies with his securities claims, including the absence of any manipulative conduct or any plausible allegation of scienter, which the Court and Mr. Gill have explained to him.  (ECF Nos. 63, 65, 66).  In the absence of amendments that remedy those deficiencies—and no accurate statement of facts can—the Third Amended Complaint operates only to waste the Court's time and Mr. Gill's resources.

For those reasons, the Court should strike Mr. Rosenberg's Third Amended Complaint in its entirety.

Dated: April 12, 2024

Respectfully Submitted,

*/s/ Christopher R. MacColl*
William W. Taylor, III, *pro hac* forthcoming
Christopher R. MacColl (BBO #706164)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, STE 1000
Washington, D.C. 20036
202-778-1849
wtaylor@zuckerman.com
cmaccoll@zuckerman.com

*counsel for Keith Patrick Gill*