## MacColl, Christopher

**From:** douglas Rosenberg <rosenbergdouglas@gmail.com>
**Sent:** Friday, April 12, 2024 2:23 PM
**To:** MacColl, Christopher
**Cc:** Taylor, William W.
**Subject:** Re: Motion to Dismiss

**EXTERNAL**

Chris,
Thank you for your prompt reply.
Have a good weekend.
Doug

On Fri, Apr 12, 2024 at 11:12 AM MacColl, Christopher <CMacColl@zuckerman.com> wrote:

Hi Doug,

I think the emails cover it.

We won't agree to further relief regarding your opposition to our motion to dismiss.  We don't think the third amended complaint was properly filed, and we expect to move to strike it in its entirely.  We will tell the Court that you wanted the "'Vulnerable Person Count' out."

Chris

**From:** douglas Rosenberg <rosenbergdouglas@gmail.com>
**Sent:** Friday, April 12, 2024 2:04 PM
**To:** MacColl, Christopher <CMacColl@zuckerman.com>
**Cc:** Taylor, William W. <wtaylor@zuckerman.com>
**Subject:** Re: Motion to Dismiss

**EXTERNAL**

Chris,

Did you want to confer?

1

Doug

On Fri, Apr 12, 2024 at 3:18 AM douglas Rosenberg <rosenbergdouglas@gmail.com> wrote:

Chris,

I definitely want the "Vulnerable Person Count" out. That was put there by error and I apoligize.

I previously determined that was not a viable Count but I was pressed for time and I edited the wrong version.

On Mass Elder abuse count, I am still researching this one.

IMO it is not immediately ruled out as I was 64 years old, when the events took place.

If you want to confer via phone, please let me know.

I actually don't know where my phone is but I can use something else.

But please don't schedule anything before 1PM my time as I am up late.

I will look into the Mass Count in the morning and give you a definitive answer.

Anything I find has no merit , I will attempt to get the Clerk to remove from the Docket. I'm not sure that is possible but I will ask.

You are going to  oppose my Amended Complaint regardless?

You certainly have the right to oppose anything right

IMO the Complaint is my reply to your Motion to Dismiss and it is admissible as a first Amended complaint.

And I will be filing tommorrow for a reconsideration on the denial of Motion to extend time to the10th. That is a clear error because that is a very good looking cat LOL

Doug

On Thu, Apr 11, 2024 at 9:05 AM MacColl, Christopher <CMacColl@zuckerman.com> wrote:

Hi Doug,

I see you filed what you styled a "Third Amended Complaint" late last night.

I recognize that the federal rules are nuanced, and you are doing this *pro se*.  Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading *once* as a matter of course."  The rule further provides, "In all other cases, a party may amend its pleading *only with* the opposing party's written consent or the court's leave."  We did not consent to your amendment.  Additionally, absent our consent, the court's leave would generally be sought by motion—which you have not filed.  The local rules require that the parties confer before filing any motions, and we have not conferred about your amendment.

In addition to the procedural issues, the amended complaint is not consistent with Federal Rule of Civil Procedure 11.  You appear to have added claims against Mr. Gill for, *inter alia*, "elder abuse," "abuse of vulnerable adults," and "aiding and abetting abuse of vulnerable adults."  These are not allegations that should be made lightly, and they have no basis in fact or law.

Please withdraw the amendment complaint.  By way of meeting and conferring, we may file a notice informing the Court that your most recent amended complaint was filed without our consent.  We may also move to strike the amended complaint.  If you consent to striking the third amended complaint, please inform us promptly.  Please confer with us prior to filing any further motions.

Kind Regards,

Chris MacColl

---

**From:** douglas Rosenberg <rosenbergdouglas@gmail.com>
**Sent:** Tuesday, April 2, 2024 4:54 PM
**To:** MacColl, Christopher <CMacColl@zuckerman.com>
**Subject:** Re: Motion to Dismiss

**EXTERNAL**

Mr. MacColl,

Thank you very much for your concern.

Looks like Cisco will survive but taking care of sick cat with subq and medicine is   a full time job.

I expect to respond by April11th or before.

Doug

On Tue, Apr 2, 2024 at 1:07 PM MacColl, Christopher <CMacColl@zuckerman.com> wrote:

Hi Mr. Rosenberg,

I am sorry to hear of your recent difficulties.

Do you have an expectation as to when you will be able to submit your opposition to our motion to dismiss?

Thanks,

Chris

**Christopher MacColl**
**Zuckerman Spaeder LLP**
**CMacColl@zuckerman.com**

1800 M STREET NW, SUITE 1000 •  WASHINGTON,  DC 20036-5807
202.778.1849 direct • 207.632.8758 mobile • 202.822.8106 fax

► **Download vCard | zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

## MacColl, Christopher

| | |
|---|---|
| **From:** | MacColl, Christopher |
| **Sent:** | Thursday, April 11, 2024 1:43 PM |
| **To:** | 'douglas Rosenberg' |
| **Cc:** | Taylor, William W. |
| **Subject:** | RE: Motion to Dismiss |

Hi Doug,

Thanks for the response.  I understand you were in a hurry, and I look forward to hearing back from you.

We will not file a motion to strike until at least tomorrow to give you a chance to consider the issue.  To be clear, we don't think there were or are grounds to amend.  The appropriate relief is therefore withdrawing or striking your third amended complaint in its entirety.  I emphasized the elder abuse claims below because I think that, even as a *pro se* litigant, you understand that those aren't appropriate allegations to make.

As I told you when we first spoke, I can't give you legal advice, but if you want to ask me about something specific before you file a motion, I will do my best to point you to the right rule or procedure.  I believe we, including Mr. Gill, have acted in a timely and professional manner throughout this case, and we will continue to.

Kind Regards,
Chris

**From:** douglas Rosenberg <rosenbergdouglas@gmail.com>
**Sent:** Thursday, April 11, 2024 1:00 PM
**To:** MacColl, Christopher <CMacColl@zuckerman.com>
**Cc:** Taylor, William W. <wtaylor@zuckerman.com>
**Subject:** Re: Motion to Dismiss

**EXTERNAL**

Chris,
Your client only appeared after a year long avoidance of service it appears.  This amendment was directed at your client. Whether that is warranted or not under the rules is beyond me.
That being said, I was in a hurry to file this as this is my response and I will be filing for Motion for Reconsideration for the time to respond.
I have many versions and some had those causes of actions and some did not.
As to the issue of the added counts of"Elder abuse" , I will review if that is legally warranted. I have many versions of the complaint and some had that and some did not. If I do not believe it is legally warranted, I will remove them. I was trying to get this filed on the 10th.
Please give me a day to review the issues you raised.
Doug

On Thu, Apr 11, 2024 at 9:05 AM MacColl, Christopher <CMacColl@zuckerman.com> wrote:

> Hi Doug,

I see you filed what you styled a "Third Amended Complaint" late last night.

I recognize that the federal rules are nuanced, and you are doing this *pro se*. Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading *once* as a matter of course." The rule further provides, "In all other cases, a party may amend its pleading *only with* the opposing party's written consent or the court's leave." We did not consent to your amendment. Additionally, absent our consent, the court's leave would generally be sought by motion—which you have not filed. The local rules require that the parties confer before filing any motions, and we have not conferred about your amendment.

In addition to the procedural issues, the amended complaint is not consistent with Federal Rule of Civil Procedure 11. You appear to have added claims against Mr. Gill for, *inter alia*, "elder abuse," "abuse of vulnerable adults," and "aiding and abetting abuse of vulnerable adults." These are not allegations that should be made lightly, and they have no basis in fact or law.

Please withdraw the amendment complaint. By way of meeting and conferring, we may file a notice informing the Court that your most recent amended complaint was filed without our consent. We may also move to strike the amended complaint. If you consent to striking the third amended complaint, please inform us promptly. Please confer with us prior to filing any further motions.

Kind Regards,

Chris MacColl

**From:** douglas Rosenberg <rosenbergdouglas@gmail.com>
**Sent:** Tuesday, April 2, 2024 4:54 PM
**To:** MacColl, Christopher <CMacColl@zuckerman.com>
**Subject:** Re: Motion to Dismiss

**EXTERNAL**

Mr. MacColl,

Thank you very much for your concern.

Looks like Cisco will survive but taking care of sick cat with subq and medicine is   a full time job.

I expect to respond by April11th or before.

Doug

On Tue, Apr 2, 2024 at 1:07 PM MacColl, Christopher <CMacColl@zuckerman.com> wrote:

Hi Mr. Rosenberg,

I am sorry to hear of your recent difficulties.

Do you have an expectation as to when you will be able to submit your opposition to our motion to dismiss?

Thanks,

Chris

**Christopher MacColl**
**Zuckerman Spaeder LLP**
**CMacColl@zuckerman.com**

1800 M STREET NW, SUITE 1000 •  WASHINGTON,  DC 20036-5807
202.778.1849 direct • 207.632.8758 mobile • 202.822.8106 fax

► **Download vCard | zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.